**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SHIRLEY MILLER, individually;
RICHARD E. MILLER, individually,

Plaintiffs-Appellants,

v.

WAL-MART STORES, INC.,

Defendant-Appellee.

No. 03-5069
(D.C. No. 01-CV-709-E)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **HENRY** , and **MURPHY** , Circuit Judges.

Plaintiffs Shirley and Richard Miller appeal the district court's grant of

summary judgment to defendant Wal-Mart Stores, Inc., on plaintiffs' diversity

slip-and-fall negligence claim. That court held, under Arkansas law, that

---

* After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(1) Mrs. Miller was a licensee, (2) Wal-Mart's duty to Mrs. Miller was to refrain from willful or wanton conduct, and (3) no evidence existed that Wal-Mart's behavior was willful or wanton. On appeal, plaintiffs contend the district court erred by concluding that Mrs. Miller was a licensee, and that summary judgment was inappropriate because genuine issues of material fact exist.

Our jurisdiction arises under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, "drawing all reasonable inferences in favor of the nonmovant." *Hiner v. Deere & Co.*, 340 F.3d 1190, 1192-93 (10th Cir. 2003) (bracket omitted). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

After careful review of the parties' briefs, the record, and Arkansas law, we conclude that the district court correctly decided this case. We therefore AFFIRM that court's judgment for substantially the same reasons as stated in its order dated March 13, 2002.

Entered for the Court

Robert H. Henry
Circuit Judge